UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| The Chemical Connection, Inc., | ) | Case No. 05-34789 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |

### Final Application for Allowance and Payment of
### Compensation of Joseph A. Baldi, as Trustee

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of The Chemical Connection, Inc. ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $7,624.00 as final compensation for services rendered in this case from August 31, 2005 through the close of this case. In support thereof, Trustee states as follows:

### Introduction

1.    A voluntary petition for relief under chapter 7 of the Code was filed by the Debtor on August 31, 2005 and Joseph A. Baldi was appointed as the chapter 7 Trustee.

2.    Joseph A. Baldi remains the duly appointed, qualified and acting chapter 7 trustee in this case.

3.    As of the commencement of this case, the Estate's primary assets were Debtor's interest in certain real property commonly known as 1030 E. 87th Street, Chicago, Illinois ("Real Property") and a claim against an insurance company for coverage as a result of pre-petition fire damages sustained on the Real Property ("Insurance Claim").

4.    The bar date for filing claims in this case was February 2, 2006.

## Prior Compensation

5.      This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6.      Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

## Services Rendered by Trustee

7.      Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A.      Trustee analyzed and investigated the market value of the Real Property; the Real Property consisted of a parcel of land and a one story brick structure that served as a chemical plant which was damaged by an extensive fire pre-petition which demolished the interior structure of the building; Trustee employed a real estate broker to assist in the marketing and sale of the Real Property; Trustee negotiated with multiple parties for the sale of the Real Property; Trustee analyzed numerous offers received for the Real Property; after investigation into potential environmental claims on the Real Property, most of the bidders withdrew their offers; Trustee negotiated with the sole surviving bidder for a sale of the Real Property for the amount of $65,000.00; Trustee directed his attorneys to prepare and present a Motion to Approve the Sale, and pursuant to this Court's order dated June 12, 2007, the Trustee sold the Property and recovered gross proceeds of $65,000.00;

B.      Trustee analyzed the Insurance Claim and the pre-petition lawsuit pending in the Circuit Court of the 18th Judicial Circuit, DuPage County, Illinois ("Litigation") which the Debtor filed against certain insurance companies ("Defendants")

2

to recover for damages caused by the fire at the Real Property; Trustee removed the Litigation to the Bankruptcy Court (the Litigation was docketed with the Bankruptcy Court as Adversary Case No. 05 A 2638); prior to the commencement of the case, the Debtor negotiated with the Defendants for a settlement of the Litigation such that the Defendants would pay $56,000.00 to Debtor; Trustee analyzed this settlement offer; further, Trustee directed his attorneys to review and analyze the liens asserted by various parties ("Lien Claimants") against the Settlement Proceeds; Trustee settled with the Defendants and the Lien Claimants; pursuant to this Court's order, Trustee was authorized to settle with the Defendants and the Lien Claimants such that the Estate recovered gross proceeds of $56,000.00 and Trustee was authorized and directed to pay the Lien Claimants from the Settlement Proceeds in exchange for, among other things, a withdrawal of claims against the Estate and release of liens against the Real Property;

    C.    Trustee employed special counsel for the purpose of seeking a tax reduction for the real estate property taxes asserted against the Real Property for the years 2003-2006 ("Unpaid Tax Years"); the Cook County Collector assessed taxes, including penalties, on the Real Property in the approximate amount of $44,000.00 ("Unpaid Taxes") for the Unpaid Tax Years; Trustee directed his attorneys to file an adversary complaint against the Cook County Collector ("Tax Adversary") for a reduction of the taxes on the basis that, among other things, the Real Property should have been re-assessed as vacant property after the fire at the premises; Trustee's special counsel negotiated with the Cook County Collector for a reduction of the Unpaid Taxes to $12,000.00; Trustee directed his attorneys to prepare and present a motion to settle the Tax Adversary; upon this Court's order, Trustee settled the Tax Adversary representing a $32,000.00 reduction in Unpaid Taxes;

D.    Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

E.    Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

F.    Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

G.    Trustee analyzed tax matters concerning the Estate; Trustee employed an accountant for the purpose of preparing Estate tax returns; Trustee directed the accountant to prepare Estate tax returns; Trustee executed and filed Estate tax returns; and

H.    Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8.    Trustee has collected the sum of $121,064.46 on behalf of the Estate. Trustee has made $81,408.61 in disbursements in this case as of the date hereof.

9.    Copies of the *Form I Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits B and C, respectively.

### Compensation Requested

10.    During the period covered by this Application, Trustee spent 34.50 hours rendering services on behalf of this Estate with a value of $6,744.00. Trustee estimates that he will spend an additional four hours rendering services with a value of $880.00 to

obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11.    The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above, is $9,303.12 as follows:

| | |
|---|---|
| 25% of the first $5,000 | $1,250.00 |
| 10% of the next $45,000.00 | $4,500.00 |
| 5% of the next $71,062.46 | $3,553.12 |
| Total allowable compensation | $9,303.12 |

After payment of the Estate's administrative claims, the Trustee anticipates that there will be insufficient funds to make a distribution to unsecured creditors.

12.    Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as Trustee from the time of his appointment through the closing of this case in the amount of $7,624.00. This amount represents reasonable compensation for the services rendered by Trustee and is within the maximum compensation allowable as set forth in paragraph 11 above.

13.    An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14.    Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

15.    Trustee voluntarily agrees to subordinate his claim for fees to the administrative claims of Trustee's Accountant and Trustee's Special Counsel.

### Status of the Case

16.    Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate, to the extent such claims will receive a distribution.

17.    Trustee has completed and filed his Final Report simultaneously herewith. Final fee applications for the Trustee's Attorneys, Trustee's special counsel and Trustee's accountants have also been filed concurrently with this Application.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of The Chemical Connection, Inc. requests the entry of an order providing the following:

A.    Allowing to Trustee final compensation in the amount of $7,624.00 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from August 31, 2005 through the closing of this case;

B.    Directing Trustee to pay the monies awarded, subject to the voluntary subordination of his claim, from the funds in the Estate, after filing of the Trustee's Final Distribution Report; and

C.    For such other and further relief as this Court deems appropriate.

Dated:   January 14, 2009          Joseph A. Baldi, as trustee of the estate of
                                    The Chemical Connection, debtor


By:_____/s/_____
                Joseph A. Baldi

Joseph A. Baldi
Attorney I.D. No. 00100145
Elizabeth C. Berg
Attorney I.D. No. 6200886
19 S. LaSalle St.   Suite 1500
Chicago, IL  60603
(312) 726-8150

The Chemical Connection, Inc.
Case No. 05-34789

**Trustee's Final Fee Application**

**Trustee's Itemized Billing Statements**

**Exhibit A**

**Joseph A. Baldi & Associates, P. C.**
19 S. LaSalle Street
Suite 1500
Chicago, IL 60603

**Phone:** (312) 726-8150
**Fax:** (312) 726-5067

FEIN: 36-4352753

**Invoice submitted to:**

January 7, 2009
Invoice No:   1138

Joseph A. Baldi, trustee
c/o Joseph A. Baldi & Associates
19 South LaSalle Street
Suite 1500
Chicago, IL 60603

**In Reference to:**   *The Chemical -Trustee Matters*

### Professional Services

| Date | Staff | Description | Hours | Charges |
|------|-------|-------------|-------|---------|
| 10/27/2005 | JAB | Conduct meeting of creditors, examine debtor re property and debts. | 0.80 $350.00/ hr | $280.00 |
| 11/28/2005 | JAB | Confer with DBW regarding document review, removal of DuPage action. | 0.40 $350.00/ hr | $140.00 |
| 2/04/2006 | JAB | Review and copy claims, process same in TCMS. | 0.70 $350.00/ hr | $245.00 |
| 3/03/2006 | ECB1 | Prepare 2005 annual report for United States Trustee and update trustee database re same | 1.00 $140.00/ hr | $140.00 |
| 3/15/2006 | JAB | Confer with DBW on insurance claim, settlement of same. (.4) Telephone call to Rite Way attorney regarding sale of real estate. (.2) | 0.60 $350.00/ hr | $210.00 |
| 4/17/2006 | ECB1 | Prepare and E-file Form 1 & 2 for 2005 UST annual review | 0.20 $140.00/ hr | $28.00 |
| 6/21/2006 | ECB1 | Review Settlement Agreement and court order (.3) and prepare and document disbursement checks to Much Shelist, Podgorny, Ideas, Inc. and Providence Washington for Lloyds London settlement (.7) | 0.00 $140.00/ hr | $0.00 |
| 6/21/2006 | ECB1 | Meet with examiners, provide case documentation and explain Trustee procedures in connection with DOJ quadrennial audit | 0.40 $140.00/ hr | $56.00 |
| 7/20/2006 | ECB1 | Process June 2006 bank statements (.1); reconcile accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 8/01/2006 | ECB1 | Review status of administration and prep memo to trustee re sale of real estate and preparation of interim fee application | 0.30 $140.00/ hr | $42.00 |

**Joseph A. Baldi & Associates, P. C.**                    1/07/2009

The Chemical -Trustee Matters                    Page    2

---

| Date | | Description | Hours / Rate | Amount |
|------|------|-------------|--------------|--------|
| 8/14/2006 | ECB1 | Review and process July 2006 bank statements (.1) Reconcile accounts (.1) | 0.20 \$140.00/ hr | \$28.00 |
| 9/13/2006 | ECB1 | Prepare written response to UST audit | 0.60 \$140.00/ hr | \$84.00 |
| 9/25/2006 | ECB1 | Process September 2006 Bank Statements (.1) Reconcile estate bank accounts (.1) | 0.20 \$140.00/ hr | \$28.00 |
| 10/03/2006 | ECB1 | Meet with Trustee and confer on status in connection with 3rd quarterly review for 2006 annual reports | 0.10 \$140.00/ hr | \$14.00 |
| 10/16/2006 | ECB1 | Process September 2006 bank statements (.1) Reconcile accounts (.1) | 0.20 \$140.00/ hr | \$28.00 |
| 11/21/2006 | ECB1 | Process October 2006 bank statements; reconcile bank accounts | 0.20 \$140.00/ hr | \$28.00 |
| 12/05/2006 | ECB1 | Meet with Alfreda Baron on supplement audit review | 0.20 \$140.00/ hr | \$28.00 |
| 12/20/2006 | ECB1 | Process November 2006: Reconcile Bank accounts | 0.20 \$140.00/ hr | \$28.00 |
| 12/26/2006 | ECB1 | Initial review of Form 3 Notes for TR 2006 Annual Report to UST | 0.10 \$140.00/ hr | \$14.00 |
| 1/10/2007 | ECB1 | Review and sort pleadings and update Trustee's file | 0.80 \$140.00/ hr | \$112.00 |
| 1/17/2007 | ECB1 | Process January 07 bank statements; Reconcile estate accounts | 0.20 \$140.00/ hr | \$28.00 |
| 1/23/2007 | ECB1 | Run transaction report and review disbursements for 2006 (.3) Review IRS 1099 Instructions for 2006 (.1) Prep draft of estate 1099 (.1) | 0.50 \$140.00/ hr | \$70.00 |
| 2/07/2007 | ECB1 | Prep of 2006 annual reports | 1.20 \$140.00/ hr | \$168.00 |
| 2/19/2007 | ECB1 | Prepare Form 1096 for transmittal of 1099's to IRS | 0.20 \$140.00/ hr | \$28.00 |
| 2/19/2007 | ECB1 | Process January 2007 bank statements (.1) Reconcile trustee bank accounts | 0.20 \$140.00/ hr | \$28.00 |
| 3/20/2007 | ECB1 | Process February 2007 bank statements: Reconcile accounts | 0.20 \$140.00/ hr | \$28.00 |
| 4/10/2007 | ECB | TC Mark Weiss re multiple and competing offers for property and disclosure of same | 0.20 \$200.00/ hr | \$40.00 |

# Joseph A. Baldi & Associates, P. C.

1/07/2009

The Chemical -Trustee Matters

Page    3

| | | | | |
|---|---|---|---|---|
| 4/17/2007 | ECB1 | Process March 2007 bank statements (.1) Reconcile accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 5/15/2007 | ECB1 | Finalize 2006 year end Form 1 and Form 2 per UST followup on annual review (.1) File same and email confirmation to UST (.1) | 0.20 $140.00/ hr | $28.00 |
| 5/24/2007 | ECB1 | Process April 2007 bank statements (.1) Reconcile bank accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 6/12/2007 | ECB1 | Process May 2007 bank statements (.1) Reconcile TR's bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 7/02/2007 | JAB | Attend closing of sale of real estate | 2.50 $400.00/ hr | $1,000.00 |
| 7/24/2007 | ECB1 | Process June 07 bank statements (.1) Reconcile TR bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 8/15/2007 | ECB1 | Process July 07 bank statements (.1) Reconcile TR's accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 9/17/2007 | ECB1 | Process August 07 bank statements (.1) Reconcile trustee's bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 10/02/2007 | ECB1 | Perform 3rd quarter status review for UST and update TR database | 0.20 $160.00/ hr | $32.00 |
| 10/16/2007 | ECB1 | Process September 07 bank statements; Reconcile accounts | 0.10 $160.00/ hr | $16.00 |
| 11/19/2007 | ECB1 | Process refund of sale proceeds from Elmosa 2007 tax escrow | 0.20 $160.00/ hr | $32.00 |
| 11/19/2007 | ECB1 | Process October 2007 bank statements & reconcile accounts | 0.20 $160.00/ hr | $32.00 |
| 12/11/2007 | JAB | Confer with DBW re follow up to obtain turnover of tax escrow from title company. confer with A Campanale re title company position | 0.60 $400.00/ hr | $240.00 |
| 1/09/2008 | ECB1 | Process November 07 Bank Statements (.1) Reconcile Accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 1/16/2008 | ECB1 | Process Dec 07 Bank Statements and reconcile accounts | 0.10 $160.00/ hr | $16.00 |
| 2/19/2008 | ECB1 | Process Jan 08 bank statements (.1) Reconcile Trustee's Accounts (.2) | 0.20 $160.00/ hr | $32.00 |
| 2/19/2008 | ECB1 | Prep TR Bond Disbursement report (.1) and prepare and transmit payment of annual bond premium to International sureties (.1) | 0.20 $160.00/ hr | $32.00 |

**Joseph A. Baldi & Associates, P. C.**                    1/07/2009

The Chemical -Trustee Matters                              Page    4

---

| Date | Who | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 2/26/2008 | ECB1 | Set up schedule for case closing | 0.10 $160.00/ hr | $16.00 |
| 3/24/2008 | ECB1 | Process Feb 08 bank statements (.1) Reconcile TR's bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 4/14/2008 | ECB1 | Process March 08 bank statements (.1) Reconcile TR bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 4/29/2008 | ECB1 | Prepare for and attend meeting with T. Thornton for UST office meeting for annual review | 0.20 $160.00/ hr | $32.00 |
| 5/19/2008 | ECB1 | Process April 08 bank statements (.1)  Reconcile TR bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 7/15/2008 | ECB1 | Process May 08 bank statements (.1)  Reconcile TR bank accounts (.1) | 0.20 $160.00/ hr | $32.00 |
| 7/17/2008 | ECB1 | Process June 08 bank statements (.1) Reconcile TR accounts to same (.1) | 0.20 $160.00/ hr | $32.00 |
| 8/14/2008 | ECB1 | Process JY08 Bank Statements and reconcile TR bank accounts | 0.20 $160.00/ hr | $32.00 |
| 10/06/2008 | ECB1 | Meet with TR and discuss status of claims review and case closing | 0.20 $160.00/ hr | $32.00 |
| 10/21/2008 | ECB1 | TC with Lois West re retention and prep of final tax returns (.2) Review file and compile pertinent documentation for prep of tax returns (.7) Prepare correspondence to accountant re case history. real estate sale and insurance settlement for use in prep of returns (.6) | 1.50 $160.00/ hr | $240.00 |
| 10/22/2008 | ECB1 | Process Sept 08 bank statements and reconcile TR bank accounts | 0.10 $160.00/ hr | $16.00 |
| 11/11/2008 | ECB1 | Review administrative claims and update TR database re same (.3)Run proposed distribution report and memo to TR re case closing (.2) | 0.50 $160.00/ hr | $80.00 |
| 11/11/2008 | ECB1 | Process and deposit remaining proceeds of sale rec'd from Attorneys' Title Guaranty (.2) Check file on status of payment of special counsel fees (.1) | 0.30 $160.00/ hr | $48.00 |
| 12/09/2008 | ECB1 | TC with accountant re details of closing, tax escrows and settlement with Cook County (.3) Prep and deliver receipt and disbursement report for prep of final tax returns (.2) | 0.50 $160.00/ hr | $80.00 |
| 12/11/2008 | ECB1 | Process Nov 08 bank statements; reconcile trustee bank accounts | 0.10 $160.00/ hr | $16.00 |

**Joseph A. Baldi & Associates, P. C.**                                      1/07/2009

The Chemical -Trustee Matters                                            Page     5

| | | | | |
|---|---|---|---|---|
| 12/15/2008 | RKP | Review case file for information needed to prepare final report (1.50); correspondence with L. West re: tax return and invoice for services (.20); review file and discussion with L. Berg re: agreement with special counsel for reduced fees (.20); discuss final distribution with J. Baldi (.20). | 2.50 $150.00/ hr | $375.00 |
| 12/15/2008 | RKP | Prepare Trustee's final fee application (2.50): coversheet, order and declaration (.30); input final administrative claims into system for final distribution (.30); compute final distribution (.20); prepare Trustee's final report (1.50); proposed distribution report (.50); notice of final hearing (.50). | 5.80 $150.00/ hr | $870.00 |
| 12/16/2008 | ECB1 | Compile documents in support of Trustee's Final Report and prepare for submission to UST (3.0); edit Trustee's Final Report and related documents per Trustee (1.5) | 4.50 $160.00/ hr | $720.00 |
| 12/17/2008 | JAB | Review, edit and execute Trustee's final report package. | 1.00 $400.00/ hr | $400.00 |

|  | Total Hours | 34.50 | Total Fees | $6,744.00 |
|---|---|---|---|---|

# Joseph A. Baldi & Associates, P. C.

1/07/2009

Page    6

The Chemical -Trustee Matters

| | |
|---|---|
| Total New Charges | $6,744.00 |
| Previous Balance | $0.00 |
| Balance Due | $6,744.00 |

## *Timekeeper Summary*

| Name | Hours | Rate |
|---|---|---|
| Elizabeth C Berg | 0.20 | $200.00 |
| Elizabeth (1) C Berg | 8.00 | $140.00 |
| Elizabeth (1) C Berg | 11.40 | $160.00 |
| Joseph A Baldi | 2.50 | $350.00 |
| Joseph A Baldi | 4.10 | $400.00 |
| Ricki K Podorovsky | 8.30 | $150.00 |

Trustee's Final Fee Application

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| The Chemical Connection, Inc., | ) | Case No. 05-34789 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |

### Trustee's Affidavit Pursuant to Rule 2016

State of Illinois        )
County of Cook        )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1.    I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2.    I have read the Application for Allowance and Payment of Final Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3.    I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Joseph A. Baldi & Associates a law firm at which I was employed during the pendancy of this case.

4.    I voluntarily agree to the subordination of my claim for compensation to the administrative claims of Trustee's Accountants and Trustee's Special Counsel.

5.    Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on ~~January 14, 2009~~ february 10, 2009

_____
Notary Public

OFFICIAL SEAL
ELIZABETH C. BERG
Notary Public - State of Illinois
My Commission Expires Jun 16, 2012

**Exhibit B**