UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| The Chemical Connection, Inc., | ) | Case No. 05-34789 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |

### Trustee's First and Final Application for Allowance and Payment of Compensation of O'Keefe, Lyons & Hynes, Special Counsel for Trustee

Joseph A. Baldi, as trustee ("Trustee") of the estate ("Estate") of The Chemical Connection, Inc., debtor ("Debtor"), pursuant to section 330 of title 11, United States Code ("Code"), requests this Court to enter an order for the allowance and payment to O'Keefe, Lyons & Hynes ("O'Keefe") of $8,500.00 as compensation for professional services rendered to the Trustee from June 12, 2007 through the close of this case. In support thereof, Trustee respectfully states as follows:

### Introduction

1. This case was commenced on August 31, 2005 by the filing of a voluntary petition under chapter 7 of the Code.

2. Joseph A. Baldi is the duly appointed and qualified chapter 7 trustee in the case.

3. The bar date for filing claims in this case was February 2, 2006.

### Retention of O'Keefe

4. On June 12, 2007, this Court authorized the Trustee to employ O'Keefe as his special counsel in this case ("Retention Order"). A copy of the Retention Order is attached hereto as Exhibit A.

### Prior Compensation Received

5. This is the first and final application for compensation that O'Keefe will file in this case.

## Services Rendered by O'Keefe

6.    **Abatement of Real Property Taxes**:  The services rendered by O'Keefe have been in connection with the abatement of real property taxes on the real property of the Estate commonly known as 1030 E. 87th Street, Chicago, Illinois ("Real Property").  The Real Property consisted of land and a single story chemical plant ("Building") that was severely destroyed by pre-petition fire ("Fire").  As a result of the Fire, the Building was vacant for the years 2003 and thereafter.  The Cook County Collector assessed taxes on the Property for the years 2003 to 2006 in the approximate amount of $44,000.00 ("Unpaid Taxes").  The assessment was based, in part, upon the Building being inhabited.  Since the Building was vacant from the period since the Fire (sometime in 2002), the Trustee believed that the assessed value should have been reduced.  Trustee filed an adversary complaint against the Cook County Collector (docketed with the Bankruptcy Court as Adversary Case No. 07-571) for, among other things, a determination and reduction of the Unpaid Taxes.  Pursuant to the Retention Order, Trustee was authorized to employ O'Keefe for purposes of pursuing an abatement of the Unpaid Taxes. As a result of the efforts of O'Keefe, the Unpaid Taxes were reduced to $12,000.00, representing a $32,000.00 reduction.

7.    All of the services performed by O'Keefe were required for proper representation of the Trustee in this case, were authorized by this Court and were performed by O'Keefe at the request and direction of the Trustee.

## Payment of Compensation

8.    O'Keefe has not entered into any agreement or understanding of any kind, express or implied, with any other entity to share any compensation received or to be received by O'Keefe for services rendered to the Trustee in connection with this case.

9.    O'Keefe has not previously received payment of any compensation for services rendered in connection with this case.  The Affidavit of Mark R. Davis pursuant to Rule 2016 of

the Federal Rules of Bankruptcy Procedure is attached hereto as Exhibit B and made a part hereof.

10.    Pursuant to the Retention Order, Trustee was authorized to pay O'Keefe a contingency fee of 33% of the total amount abated.  In this case, the contingency fees would be $10,665.60.  O'Keefe voluntarily has agreed to accept $8,500.00 as full compensation for services rendered in this case, as opposed to the contingency fee as provided for in the Retention Order.

11.    The proposed source for payment of the compensation requested in this Application are the Estate funds in the Trustee's possession, collected by him during his administration of this case.

### Status of the Case

12.    Trustee has administered all of the assets belonging to this Estate and has completed his review and analysis of the claims filed against the Estate.

13. Trustee has completed and filed his Final Report simultaneously herewith.  Final fee applications for the Trustee, Trustee's accountants and Trustee's general counsel have also been filed concurrently with this Application.

### Financial Condition of the Case

14.    Trustee currently has approximately $39,600.00 on deposit in the Estate's bank accounts.  The chapter 7 administrative expenses that are currently owing and those the Trustee anticipates the Estate will incur prior to the closing of this case include 1) the fees allowed to Trustee in connection with his final fee application, 2) the legal fees and expenses allowed to Joseph A. Baldi & Associates in connection with its final fee application , 3) the fees allowed to O'Keefe in connection with this final fee application, 4) the professional fees allowed to Trustee's accountants in connection with its final fee application, and 5) any fees which may be due or outstanding to the offices of the United States Trustee and the Clerk of the United States Bankruptcy Court.

15.    Following payment of all Chapter 7 administrative expenses set forth above, Trustee estimates there will be insufficient funds available to make a distribution to general unsecured creditors.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of The Chemical Connection, Inc., debtor, requests the entry of an order allowing to O'Keefe, Lyons & Hynes final compensation in the amount of $8,500.00 for actual and necessary professional services rendered to the Trustee from June 12, 2007 through the close of this case and for such other and further relief as this Court deems appropriate.

Dated: January 14, 2009

Joseph A. Baldi, as trustee of the estate of The Chemical Connection, Debtor

By:     /s/ Joseph A. Baldi, trustee

Joseph A. Baldi
Attorney I.D. No. 00100145
Elizabeth C. Berg
Attorney I.D. No. 6200886
19 S. LaSalle Street, Suite 1500
Chicago, IL  60603
312.726.8150

Retention Order

**Exhibit A**

05-34789:22.1:Application to Employ:Proposed Order Entered: 6/7/2007 4:47:17 PM by:Joseph Baldi Page 1 of 1

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7 |
|  | ) | Case No. 05-34789 |
| The Chemical Connection, | ) | Hon. John H. Squires |
|  | ) | Hearing Date: June 12, 2007 |
| Debtor. | ) | Time: 9:30 a.m. |

### Order Authorizing Trustee to Employ Special Counsel

THIS CAUSE COMING ON TO BE HEARD upon the application of Trustee to employ Mark Davis and Michael Heaton and the law firm of O'Keefe Lyons and Hynes (collectively "O'Keefe") as special counsel on behalf of this Estate and the Affidavit of Mark Davis in support thereof, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED** that Joseph A. Baldi, as trustee of the estate of The Chemical Connection, debtor, is authorized to employ O'Keefe as his special counsel in this case, on the terms and conditions set forth in the application, with compensation to be paid in such amounts as may be allowed by this Court upon proper application therefore.

Dated: June 12, 2007

ENTER:

_____
The Honorable John H. Squires
United States Bankruptcy Judge

Joseph A. Baldi  (ID No. 00100145)
Elizabeth C. Berg (ID No. 6200886)
19 S. LaSalle St. Suite 1500
Chicago, Illinois  60603
(312) 726-8150

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re                                      )      Chapter 7
                                           )      Case No. 05-34789
The Chemical Connection, Inc.,             )      Hon. John H. Squires
                                           )
        Debtor.                            )

**Rule 2016 Affidavit**

State of Illinois        )
County of Cook           )

        I, Mark R. Davis, being first duly sworn upon oath, do depose and state as follows:

        1.      I am an attorney duly licensed by the State of Illinois and a member of the law firm of O'Keefe, Lyons & Hynes.  The matters set forth herein are true and correct to the best of my knowledge and belief.

        2.      I have read the Trustee's First and Final Application for Allowance and Payment of Compensation of O'Keefe, Lyons & Hynes, Special Counsel for Trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief.  O'Keefe, Lyons & Hynes has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

        3.      O'Keefe, Lyons & Hynes has not previously received payment of any compensation for services rendered in connection with this case. O'Keefe, Lyons & Hynes has not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter. O'Keefe, Lyons & Hynes voluntarily has agreed to accept $8,500.00 as full compensation in this matter, as opposed to a contingency fee as provided for in the Retention Order dated June 12, 2007.

        4.      Further affiant sayeth naught.

_____
Mark R. Davis

Subscribed and Sworn to before me
on January __, 2009

_____
Notary Public